IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>STATE OF NEW YORK and THE NEW )<br>YORK STATE BOARD OF ELECTIONS, )<br>)<br>Defendants. )<br>)<br>_____) | Case No. 1:10-CV-1214 (GLS/RFT) |

## **COMPLAINT**

The United States of America alleges:

1. This action is brought by the Attorney General of the United States ("Attorney General") on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act").  UOCAVA provides that absent uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office."  42 U.S.C. § 1973ff-1.

2. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

3. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. §1973ff-4, and brings this enforcement action to ensure that New York's UOCAVA voters will have sufficient opportunity to receive absentee ballots they have requested and submit marked absentee ballots in time to be counted for the November 2, 2010 Federal general election.

4. Defendant State of New York is responsible for complying with UOCAVA, and ensuring that validly-requested absentee ballots are sent to UOCAVA voters in accordance with its terms. 42 U.S.C. § 1973ff-1.

5. Defendant New York State Board of Elections ("SBOE") has jurisdiction of, and is responsible for, the execution and enforcement of statutes governing elections and related procedures in New York State, and as such is responsible for the administration of State law affecting voting, and for assuring that elections in the State are conducted in accordance with law. See N.Y. ELEC. LAW §§ 3-104(1), 3-100(1), 3-102(1-17). The principal office of the New York SBOE is in Albany, New York.

6. Pursuant to amendments made by the MOVE Act, UOCAVA requires states to transmit validly-requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a hardship exemption is obtained pursuant to Section 102(g) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8)(A). The 45th day before the November 2, 2010, Federal general election is September 18, 2010.

7. States can be exempted from the requirement to transmit ballots 45 days in advance of a Federal election if they apply for, and are granted, a hardship waiver from the Presidential designee for UOCAVA, the Secretary of Defense. 42 U.S.C. § 1973ff-1(g). A hardship waiver may be granted if (1) the state submits a comprehensive plan in its application for a hardship waiver that "provides absent uniformed services voters and overseas voters sufficient time to receive absentee ballots they have requested and submit market absentee ballots to the appropriate State election official in time to have the ballot counted in the election for Federal office," and (2) if the state's primary election date, a legal contest causing a delay in generating ballots, or the state's constitution, make complying with the requirement that ballots be transmitted 45 days in advance of a Federal election an undue hardship. 42 U.S.C. §1973ff-1(g)(2).

8. Where a hardship exemption is granted, UOCAVA requires states to transmit validly-requested ballots to UOCAVA voters in accordance with the provisions of the comprehensive plan upon which the hardship waiver is based. 42 U.S.C. §§ 102(a)(8)(A) & 102(g).

9. Pursuant to Section 102(g)(2)(B)(i) of UOCAVA, the State of New York applied for a hardship waiver on grounds that New York's September 14, 2010 primary election prohibited the State from complying with Section 102(a)(8)(A) with respect to the November 2, 2010 general election 42 U.S.C. §§ 1973ff-1(a)(8)(A) & (g)(2)(B)(i). See Attachments A (April 23, 2010 Waiver Application) and B (June 9, 2010 Supplement to Waiver Application). Specifically, New York asserted that it could not transmit absentee ballots to UOCAVA voters by September 18, 2010, the 45th day before the November 2, 2010 federal general election.

10. Pursuant to Section 102(g)(1)(D) of UOCAVA, the State's hardship application included a comprehensive plan that outlined steps the State would take to ensure that UOCAVA voters had time to receive, mark, and submit their ballots in time to have the ballot counted. 42 U.S.C. §1973ff-1(g)(1)(D). See Attachment A at 6-8. New York's comprehensive plan included two key provisions that created a 45-day period for UOCAVA voters to receive, mark, and submit their ballots: (1) transmission of absentee ballots to UOCAVA voters on October 1, 2010, 32 days before the November 2, 2010 Federal general election and (2) extension of the deadline for receipt of ballots from UOCAVA voters postmarked by November 1, 2010, to November 15, 2010, 13 days after the November 2, 2010 Federal general election. See id. at 6.

11. On August 27, 2010, pursuant to its statutory authority, and based on the comprehensive plan set forth in New York's waiver application, the Department of Defense granted the State's request for a hardship exemption. See Attachment C (August 27, 2010 Waiver Grant). In reaching this determination, the Department of Defense noted the waiver was based "on an understanding that the

State of New York will transmit absentee ballots for the November 2, 2010 Federal general election to UOCAVA voters no later than October 1, 2010." See Attachment C at 1.

12. Under New York law, absentee ballots from UOCAVA voters must be postmarked by November 1, 2010, the day before the November 2, 2010 general election, and received within 13 days after election day to be counted. N.Y. ELEC. LAW §§ 10-114(1) and 11-212.

13. Despite the October 1, 2010 deadline outlined in the comprehensive plan set forth in New York's waiver application, election officials in New York State nonetheless failed to transmit absentee ballots for the Federal general election to UOCAVA voters by that date in at least nine New York counties. Election officials in those counties exceeded the October 1, 2010 deadline in the State's waiver application for transmitting UOCAVA ballots by periods ranging from five days to nine days.

14. On information and belief, in Kings County, transmission of absentee ballots to UOCAVA voters was not completed until on or around October 10, nine days after the October 1, 2010 transmission deadline in the State's waiver application, 22 days before the State's postmarking deadline, 23 days before the Federal general election, and 36 days before the State's extended deadline for receipt of UOCAVA ballots.

15. On information and belief, in New York and Queens Counties, election officials did not complete transmission of absentee ballots for UOCAVA voters until on or around October 9, eight days after the October 1, 2010 transmission deadline in the State's waiver application, 25 days before the State postmarking deadline, 26 days before the Federal general election, and 39 days before the extended deadline for receipt of UOCAVA ballots.

16. On information and belief, in Erie and Bronx Counties, election officials did not complete transmission of absentee ballots for UOCAVA voters until on or around October 8, one week after the October 1, 2010 transmission deadline in the State's waiver application, 24 days before the State

postmarking deadline, 25 days before the Federal general election, and 38 days before the State's extended deadline for receipt of UOCAVA ballots.

17. On information and belief, in Richmond County, election officials did not complete transmission of absentee ballots for UOCAVA voters until on or around October 7, six days after the October 1, 2010 transmission deadline in the State's waiver application, 25 days before the State's postmarking deadline, 26 days before the Federal general election, and 39 days before the State's extended deadline for receipt of UOCAVA ballots.

18. On information and belief, in Niagara, Putnam, and Westchester Counties, absentee ballots for UOCAVA voters were transmitted on or around October 6, five days after the October 1, 2010 transmission deadline in the State's waiver application, 26 days before the State postmarking deadline, 27 days before the Federal general election, and 40 days before the extended deadline for receipt of UOCAVA ballots.

19. State election officials have received timely requests for absentee ballots for the November 2, 2010 Federal general election from voters who are entitled to vote by absentee ballot pursuant to the provisions of UOCAVA in Niagara, Putnam, Westchester, Erie, Richmond, Bronx, New York, Kings, and Queens Counties.

20. Defendants' failure to ensure that election officials in Niagara, Putnam, Westchester, Erie, Richmond, Bronx, New York, Kings, and Queens Counties transmitted absentee ballots by October 1, 2010, as provided by the comprehensive plan in New York's waiver application, violates Section 102(a)(8)(A) of UOCAVA.  42 U.S.C. § 1973ff-1(a)(8)(A).

21. An order of this Court is necessary requiring Defendants to take corrective action to protect rights granted by UOCAVA and to ensure that the State's affected UOCAVA voters have sufficient time to receive, mark, and submit their ballots in time to have them counted for the November 2, 2010 general election for Federal office.

WHEREFORE, Plaintiff asks this Court to hear this action pursuant to 42 U.S.C. §1973ff-4 and 28 U.S.C. § 1345, and:

(1) Issue a declaratory judgment under 28 U.S.C. § 2201 that the Defendants violated Section 102(a)(8)(A) of UOCAVA by failing to ensure that election officials in Niagara, Putnam, Westchester, Erie, Richmond, Bronx, New York, Kings, and Queens Counties transmitted absentee ballots by October 1, 2010, as provided by the comprehensive plan in New York's waiver application; and

(2) Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

    (a) To take such steps as are necessary to assure that UOCAVA voters shall have sufficient time to receive, mark, and submit their ballots in time to have them counted in the November 2, 2010 general election for Federal office;

    (b) To take such steps as are necessary to afford affected UOCAVA voters who are eligible to participate in the State's November 2, 2010 general election for Federal office a reasonable opportunity to learn of this Court's order;

    (c) To take such steps as are necessary to assure that the certification schedule for the November 2, 2010 general election for Federal office be adjusted as necessary to permit affected UOCAVA voters sufficient time to receive, mark, and submit their ballots in time to have them counted;

    (d) To report to the United States concerning the dates ballots were transmitted and the number of UOCAVA ballots, by county, sent, received, and counted for the November 2, 2010 general election for Federal office pursuant to this Court's order within 45 days after the election; and

(e) To take such other steps as are necessary to assure that the State conducts all of its future Federal elections in full compliance with UOCAVA.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Date:  October 12, 2010

|  |  |
|---|---|
|  | ERIC H. HOLDER, JR.<br>Attorney General |
| RICHARD S. HARTUNIAN<br>United States Attorney | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
|    */s/ Barbara Cottrell*<br>BARBARA COTTRELL- 101411<br>Assistant United States Attorney<br>Northern District of New York<br>445 Broadway, Room 218<br>Albany, NY 12207-2924<br>Telephone:     (518) 431-0247<br>Facsimile:      (518) 431-0249 | T. CHRISTIAN HERREN JR.<br>REBECCA WERTZ<br>RICHARD DELLHEIM - 512893<br>ERNEST McFARLAND<br>AMANDA GREGORY<br>RISA BERKOWER<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone:     (202) 305-1734<br>Facsimile:      (202) 307-3961 |