IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-CV-1214 (GLS/RFT) |
| v. | ) | |
| | ) | |
| STATE OF NEW YORK and NEW | ) | |
| YORK STATE BOARD OF ELECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CONSENT DECREE

Plaintiff United States of America ("United States") initiated this action against the State of New York (the "State") and the New York State Board of Elections ("SBOE") to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7. The United States' complaint alleges a violation of UOCAVA arising from Defendants' failure to transmit absentee ballots to qualified absent uniformed services voters and overseas voters ("UOCAVA voters") in accordance with the terms of the comprehensive plan set forth in New York's approved application for a waiver from UOCAVA requirements. In particular, the United States' Complaint alleges that the Defendants failed to ensure that local election officials transmitted absentee ballots to UOCAVA voters by October 1, 2010. Accordingly, some UOCAVA voters in at least thirteen New York counties will not be provided the time specified under law to receive, mark, and submit their ballots in time to have those ballots counted in the November 2, 2010 Federal general election.

The United States and Defendants, through respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties share

the goal of providing UOCAVA voters with sufficient opportunity under Federal law to participate in the November 2, 2010 Federal general election. The parties have negotiated in good faith and hereby agree to the entry of this Consent Decree as an appropriate resolution of the UOCAVA claim alleged by the United States. Accordingly, the United States and Defendants stipulate and agree that:

1.      This action is brought by the Attorney General on behalf of the United States pursuant to UOCAVA, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"). UOCAVA provides that absent uniformed services voters and overseas voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

2.      This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

3.      The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. §1973ff-4, and has brought this enforcement action to ensure that New York's UOCAVA voters will have sufficient opportunity to receive absentee ballots they have requested and submit marked absentee ballots in time to be counted for the November 2, 2010 Federal general election.

4.      Defendant State of New York is responsible for complying with UOCAVA, and ensuring that validly-requested absentee ballots are sent to UOCAVA voters in accordance with its terms. 42 U.S.C. § 1973ff-1.

5.      Defendant SBOE has jurisdiction of, and is responsible for, the execution and enforcement of statutes governing elections and related procedures in New York State, and as

such is responsible for the administration of State law affecting voting, and for assuring that

elections in the State are conducted in accordance with law.  See N.Y. ELEC. LAW §§ 3-104(1), 3-

100(1), 3-102(1-17).  The principal office of the SBOE is in Albany, New York.

6.    The local election officials throughout New York State are responsible for complying

with all New York State laws, rules, and regulations relating to the administration of the election

process for the county that they represent.

7.    Pursuant to amendments made by the MOVE Act, UOCAVA requires states to

transmit validly-requested ballots to UOCAVA voters not later than 45 days before an election

for Federal office when the request is received at least 45 days before the election, unless a

hardship exemption is obtained pursuant to Section 102(g) of UOCAVA.  42 U.S.C. § 1973ff-

1(a)(8)(A).  The 45th day before the November 2, 2010 Federal general election is September

18, 2010.

8.    States can be exempted from the requirement to transmit ballots 45 days in advance

of a Federal election if they apply for, and are granted, a hardship waiver from the Presidential

designee for UOCAVA, the Secretary of Defense.  42 U.S.C. § 1973ff-1(g).  A hardship waiver

may be granted if (1) the state submits a comprehensive plan in its application for a hardship

waiver that "provides absent uniformed services voters and overseas voters sufficient time to

receive absentee ballots they have requested and submit marked absentee ballots to the

appropriate State election official in time to have that ballot counted in the election for Federal

office," and (2) if the state's primary election date, legal contests causing a delay in generating

ballots, or provisions of the state's constitution, make complying with the requirement that

ballots be transmitted 45 days in advance of a Federal election an undue hardship.  42 U.S.C.

§1973ff-1(g)(2).

9.      Where a hardship exemption is granted, UOCAVA requires that states transmit validly-requested ballots to UOCAVA voters in accordance with the provisions of the comprehensive plan upon which the hardship waiver is based. 42 U.S.C. §§ 102(a)(8)(A) & 102(g).

10.      Pursuant to Section 102(g)(2)(B)(i) of UOCAVA, the State of New York applied for a hardship waiver on grounds that New York's September 14, 2010 primary election prohibited the State from complying with Section 102(a)(8)(A). 42 U.S.C. §§ 1973ff-1(a)(8)(A) & (g)(2)(B)(i). Specifically, New York asserted that local election officials could not transmit absentee ballots to UOCAVA voters by September 18, 2010, the 45th day before the November 2, 2010 Federal general election.

11.      Pursuant to Section 102(g)(1)(D) of UOCAVA, the State's hardship application included a comprehensive plan that outlined the steps the State would take to ensure that UOCAVA voters had time to receive, mark, and submit their ballots in time to have the ballot counted. 42 U.S.C. § 1973ff-1(g)(1)(D). New York's comprehensive plan relied on two key provisions that together created a 45-day period for UOCAVA voters to receive, mark, and submit their ballots: (1) the transmission of absentee ballots to UOCAVA voters on October 1, 2010, 32 days before the November 2, 2010 Federal general election, and (2) the deadline of November 15, 2010, 13 days after the election, for receipt of ballots from UOCAVA voters postmarked by November 1, 2010.

12.      On August 27, 2010, pursuant to its statutory authority, and based on the comprehensive plan set forth in New York's waiver application, the Department of Defense granted the State's request for a hardship exemption. In its determination letter, the Department of Defense noted the waiver was based "on an understanding that the State of New York will

4

transmit absentee ballots for the November 2, 2010 Federal general election to UOCAVA voters no later than October 1, 2010."

13.     Despite the October 1, 2010 deadline outlined in the comprehensive plan set forth in New York's waiver application, local election officials in New York State nonetheless failed to transmit absentee ballots for the Federal general election to UOCAVA voters by that date in at least thirteen New York counties. Election officials in those counties exceeded the October 1, 2010 deadline for transmitting UOCAVA ballots by periods ranging from four days to nine days.

14.     In Kings County, election officials completed transmitting absentee ballots to UOCAVA voters on or around October 10, 2010.

15.     In New York and Queens Counties, election officials completed transmitting absentee ballots to UOCAVA voters on or around October 9, 2010.

16.     In Bronx and Erie Counties, election officials completed transmitting absentee ballots to UOCAVA voters on or around October 8, 2010.

17.     In Richmond County, election officials completed transmitting absentee ballots to UOCAVA voters on or around October 7, 2010.

18.     In Niagara, Putnam, and Westchester Counties, election officials completed transmitting absentee ballots to UOCAVA voters on or around October 6, 2010.

19.     In Onondaga County, election officials completed transmitting absentee ballots to UOCAVA voters on or around October 5, 2010.

20.     Subsequent investigation by the parties has revealed that additional counties mailed their ballots after October 1, 2010, but no later than October 10, 2010, including Albany, Nassau, and Wayne Counties.

21.    Local election officials in New York have received timely requests for absentee

ballots for the November 2, 2010 Federal general election from voters who are entitled to vote by

absentee ballot pursuant to the provisions of UOCAVA.

22.    Defendants' failure to ensure that local election officials transmitted absentee ballots

by October 1, 2010, as provided by the comprehensive plan in New York's waiver application,

violates Section 102(a)(8)(A) of UOCAVA.  42 U.S.C. § 1973ff-1(a)(8)(A).

23.    Under New York law, absentee ballots from UOCAVA voters must be postmarked, or

show a dated endorsement of receipt by another agency of the United States government, or in

the case of military voters, signed and dated by the military voter and one witness thereto, by

November 1, 2010, the day before election day, and received within thirteen days after election

day in order to be counted.  N.Y. ELEC. LAW § 10-114; 11-212.

24.    To avoid the burdens, delays, and uncertainties of litigation and to efficiently and

expeditiously promote the parties' shared goal of providing UOCAVA voters with sufficient

opportunity under Federal law to participate in the November 2, 2010 Federal general election,

the parties agree that this Court should enter an order requiring that Defendants ensure that local

election officials contact by electronic mail all UOCAVA voters for whom local election officials

have electronic mail contact information to notify those voters that they may choose to receive

their ballots for the November 2, 2010 Federal general election by telefacsimile, electronic mail,

or in an electronic, downloadable Portable Document Format (.pdf) through the State's ballot

delivery wizard, instead of by postal mail.  If the local election officials lack electronic mail

contact information for affected voters, but do have telefacsimile contact information for such

voters, the Defendants shall ensure that local election officials provide the notification required

by this paragraph by telefacsimile.  Said electronic mail or telefacsimile communication with

these voters shall explain the terms of this agreement.  Said communication shall also provide these voters with instructions on how to access electronically, download, and print their ballots through the State's online ballot delivery system if the voter so chooses.  Said communication shall also advise all overseas uniformed services voters of the Department of Defense's program for collection and delivery of return ballots by expedited mail delivery service to local election officials.

25.     To ensure that New York's UOCAVA voters will have sufficient opportunity under Federal law to receive absentee ballots they have requested and submit marked absentee ballots in time to be counted for the November 2, 2010 Federal general election, the parties agree that this Court should enter an order providing that ballots from all UOCAVA voters qualified to vote in the State that are executed and postmarked by November 1, 2010, and received by the close of business on November 24, 2010, will be accepted and tabulated in the final general election results.

26.     The parties reserve the right to modify this agreement as necessary, and to seek additional supplemental relief, if information regarding additional UOCAVA violations is discovered.

WHEREFORE, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, AND DECREED that:

(1) SBOE shall ensure that local election officials in New York State take such steps as are necessary to count as validly cast ballots in the November 2, 2010 Federal general election all those ballots, including Federal Write-in Absentee Ballots, cast by absent uniformed services voters and overseas voters qualified

7

to vote in the State pursuant to UOCAVA, provided such ballots are executed

and postmarked or show a dated endorsement of receipt by another agency of

the United States government (or in the case of military voters, are signed and

dated by the military voter and one witness thereto) by November 1, 2010,

received by November 24, 2010, and are otherwise valid.  In the event that

local election officials receive more than one ballot from a single qualified

voter, the SBOE will ensure that local election officials resolve any conflicts

according to existing procedures under State law.

(2) SBOE shall ensure that local election officials contact by electronic mail all UOCAVA

voters for whom local election officials have electronic mail contact information to

notify those voters that they may choose to receive their ballots for the November 2,

2010 Federal general election by telefacsimile, electronic mail, or in an electronic,

downloadable Portable Document Format (.pdf) through the State's ballot delivery

wizard, instead of by postal mail.  If the local election officials lack electronic mail

contact information for affected voters, but do have telefacsimile contact information

for such voters, the SBOE shall ensure that the local election officials shall provide

the notification required by this paragraph by telefacsimile.  Said electronic mail or

telefacsimile communication with these voters shall explain the terms of this

agreement.  Said communication shall also provide these voters with instructions on

how to access electronically, download, and print their ballots through the State's

online ballot delivery system if the voter so chooses.  Said communication shall also

advise all uniformed services voters located overseas of the Department of Defense's

program for collection and delivery of return ballots by expedited mail delivery

service to local election officials.  Said communications shall be made no later than two business days after entry of this Consent Decree.

(3) Upon entry of this Consent Decree, SBOE shall notify the Director of the Federal Voting Assistance Program of the United States Department of Defense ("FVAP") and request assistance in notifying military and other eligible voters of the relief afforded in this order, and coordinate with FVAP as necessary to facilitate such notice.

(4) Upon the entry of this Consent Decree, SBOE shall take the following steps to endeavor to give affected voters notice of the contents of this order:  (a) issue a press statement for immediate release, posted immediately on the State's election information website, and distributed as broadly and immediately as practicable to national and local wire services, to radio and television broadcast stations and to daily newspapers of general circulation in the State, including the New York City metropolitan area.  The release shall also be distributed to the Federal Voting Assistance Program; the New York Times (http://www.nytimes.com); International Herald Tribune (http://www.iht.com); USA Today International (http://www.usatoday.com); Military Times Media Group (cvinch@militarytimes.com); Overseas Vote Foundation (http://www.overseasvotefoundation.org/intro/); Stars and Stripes (www.estripes.com), and other appropriate news media in the State of New York.  The news release shall, at a minimum: (a) summarize this order, including an explanation that the deadline for receipt of the ballot has been extended to November 24, 2010; (b) identify the contests for Federal office

9

that will be on the ballot on November 2, 2010; (c) notify UOCAVA voters

that they may choose to receive their ballots for the November 2, 2010 Federal

general election by telefacsimile, electronic mail, or in an electronic,

downloadable Portable Document Format (.pdf) through the State's ballot

delivery wizard, instead of by postal mail; and (d) provide appropriate contact

information at the SBOE for assistance.  SBOE shall also prepare and

distribute written public service announcements describing this order for

broadcast on radio and television networks, including but not limited to the

media described above.

(5) SBOE shall provide written certification to counsel of record for the United

States that all absentee ballots validly requested by UOCAVA voters by

October 1, 2010 have been transmitted; such certification shall be provided no

later than three business days after the entry of this order.  This certification

for each county will include:  (a) the number of UOCAVA absentee ballot

requests received prior to September 18, 2010, between September 19, 2010

and October 1, 2010, and between October 1, 2010 and the date each county

completed transmitting those ballots; (b) the number of UOCAVA absentee

ballot requests, by the requested method of transmittal, for all UOCAVA

absentee ballot requests received prior to the date each county completed

transmitting those ballots; and (c) by date, the number of UOCAVA ballots

transmitted and the method of transmittal thereof where the ballot was

requested prior to the date each county completed transmitting those ballots.

(6) SBOE shall file a report with counsel of record for the United States no later than December 17, 2010, concerning the number of UOCAVA absentee ballots, by county, received and counted for the November 2, 2010 general Federal election. The report will set forth the following information, by county, categorized by absent uniformed services voters with APO/FPO addresses or non- US street addresses; uniformed services voters at a street address within the US; and overseas civilian voters:

> a.      The number of absentee ballots from UOCAVA voters received by local election officials before the close of business on November 15, 2010, and counted;

> b.      The number of absentee ballots from UOCAVA voters received and counted after the close of business on November 15, 2010, but prior to the close of business on November 24, 2010;

> c.      The number of absentee ballots from UOCAVA voters received later than the close of business on November 24, 2010; and

> d.      The number of absentee ballots from UOCAVA voters that were not counted in the general election for Federal office, for reasons other than late receipt, and the reasons such ballots were not counted.

(7) The parties acknowledge that, in the absence of a waiver from the Department of Defense, changes in state law, the state election schedule, and/or election

procedures are necessary to prevent future violations of UOCAVA.  The
Defendants are committed to exploring the need for future relief, including
possible changes of law or administrative regulation to assure that UOCAVA
voters shall have a fair and reasonable opportunity to participate in future
Federal elections, and to address potential UOCAVA violations arising from
the State's Federal election schedule or election practices.  The parties agree to
confer on the progress of these efforts, and Defendants shall provide a status
report to the United States Department of Justice by April 1, 2011.

The Court shall retain jurisdiction over this action to enter such further relief as may be
necessary for the effectuation of the terms of this Consent Decree and to ensure compliance with
Section 102(a)(8)(A) of UOCAVA through December 31, 2012.

The undersigned agree to entry of this Consent Decree on October 19, 2010:

For the Plaintiff:

RICHARD S. HARTUNIAN
United States Attorney

    /s/ Barbara Cottrell
BARBARA COTTRELL - 101411
Assistant United States Attorney
Northern District of New York
445 Broadway, Room 218
Albany, NY 12207-2924
Telephone:    (518) 431-0247
Facsimile:    (518) 431-0249

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

    /s/ Richard Dellheim
T. CHRISTIAN HERREN JR.
REBECCA WERTZ
RICHARD DELLHEIM
ERNEST MCFARLAND
AMANDA GREGORY
RISA BERKOWER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:    (202) 307-6552
Facsimile:    (202) 307-3961

For the Defendants:

State of New York:

    /s/ Jeffrey M. Dvorin
Jeffrey M. Dvorin
Acting Bureau Chief
Albany Litigation Bureau
Office of the Attorney General
The Capitol
Albany, NY  12224-0341
Telephone:    (518) 473-7614
Facsimile: (518) 473-1572

New York State Board of Elections:

    /s/ Kimberly Galvin
Kimberly Galvin
Special Counsel
New York State Board of Elections
40 Steuben Street
Albany, NY 12207-2109
Telephone:    (518) 474-6367
Facsimile:    (518) 486-4068

13

SO ORDERED this 19 day of October , 2010.

United States District Judge

Gary. L. Sharpe

14