State of New York
# STATE BOARD OF ELECTIONS

| | | |
|---|---|---|
| **James A. Walsh**<br>Chair<br>**Douglas A. Kellner**<br>Chair<br>**Gregory P. Peterson**<br>Commissioner<br>**Evelyn J. Aquila**<br>Commissioner | **40 STEUBEN STREET**<br>**ALBANY, N.Y. 12207**<br>Phone: 518/474-6367   Fax: 518/486-4546 | **Todd D. Valentine**<br>Executive Director<br>**Robert A. Brehm**<br>Executive Director<br>**Kimberly A. Galvin**<br>Special Counsel<br>**Paul M. Collins**<br>Deputy Counsel |

October 31, 2011

Hon. Gary L. Sharpe
United States District Court
 for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway, Room 441
Albany, New York 12207

    Re:  United States v. State of New York, et. al
         Civil Action No. 10-CV-1214 (GLS)

Dear Judge Sharpe:

We write to respond to the Department of Justice's motion dated September 19, 2011 in which it is seeking permanent and supplemental relief in the above referenced matter.

We do feel that it is critical to note that the State Board of Election Waiver request for the 2012 elections that was made to the Federal Voting Assistance Program on August 30, 2011, has still not been acted upon. (See attached Exhibit A)

The waiver issue aside, the State Board of Elections takes no issue with the statutory background as set forth in the memorandum of support submitted by the Department of Justice but respectfully submits that the facts asserted with regard to the 2010 UOCAVA ballot transmittals and receipts by and to the county boards of elections need to be clarified to ensure the accuracy of the record in these proceedings.

In the weeks since September 19, 2011 the State Board of Elections once again surveyed the county boards throughout the state to clarify the issues surrounding the 2010 UOCAVA ballots. While it has been concluded that some of the assertions set forth by the Department of Justice have been proven correct, all of the findings obtained and the conclusions drawn thereon should be set forth in their entirety. (See Connolly affidavit attached as exhibit B). It is, however, critical to note that after all the UOCAVA ballot data was gathered and analyzed, that in all of New York State there was only one ballot that was not counted solely because it arrived late to the board of elections where a military voter made a timely application.

Based upon these findings, we respectfully request that those portions of the proposed order by the United States be modified to reflect these findings.

With regard to all other portions of the United States' motion that discuss, draw conclusions or ask for relief regarding New York State's compliance with UOCAVA in 2012 and thereafter, the State Board of Elections respectfully takes no position on the merits. As the Board has asserted throughout the entirety of this litigation, the New York State Board of Elections is neither charged with the responsibility of, nor has the legal authority to, make any of the statutory modifications being sought by the Department of Justice that may or may not be required to ensure future compliance. Quite simply, the State Board is the entity charged with the execution of the laws as they are written and to conduct elections on those dates which the law requires us to do so.

The State Board does understand, however, that its personnel are some of those best suited to provide guidance regarding the complex details of the election law that need to be considered in crafting an order. We caution that to effectuate a seemingly simple "move" of the federal primary date from one day to another requires the navigation of a very complex body of law and requires the careful meshing of many, many intertwining legally required election events. As such, the State Board stands ready to answer any mechanical election calendar questions or to assist in the identification of any ancillary issues that may require legislative attention should the election calendar be altered.

Respectfully submitted,

Kimberly A. Galvin
Special Counsel
Bar Roll No. 505011

Paul M. Collins
Deputy Special Counsel
Bar Roll No. 101384