**U.S. Department of Justice**

Civil Rights Division

Voting Section - NWB
950 Pennsylvania Ave, NW
Washington, DC 20530

February 6, 2012

The Honorable Gary L. Sharpe
United States District Court
 for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway, Room 441
Albany, New York  12207

> Re: *United States v. State of New York, et al.*
>    Civil Action No. 10-CV-1214 (GLS)

Dear Judge Sharpe:

On January 27, 2012 the Court ordered the New York State Board of Elections ("NYSBOE") to provide the Court with a proposed non-presidential federal primary election calendar for 2012 by February 1, 2012. The order provided the United States with five days to respond to that proposal. This letter provides the United States' response.

As the Court is aware, the NYSBOE provided two proposals. The first, submitted by Commissioners James Walsh and Gregory Peterson ("Walsh-Peterson Submission"), provides a partial calendar that applies current state law electoral deadlines to the new primary date, but submits that the NYSBOE lacks authority to suggest any necessary modifications to the resulting calendar. The second, submitted by NYSBOE Commissioners Evelyn Aquila and Douglas Kellner, proposes a complete modified election calendar based on the new primary date set by the Court.

As an initial matter, the United States notes that the Court has broad authority to order necessary modifications to New York's electoral calendar to ensure compliance with the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7[1]. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) ("under the Supremacy Clause . . . any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield") (quotation marks omitted).[2] As

---

[1] Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, ("MOVE Act"), Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009).

[2] *See also United States v. Cunningham*, No. 08-cv-709, 2009 WL 3350028, at *10 (E.D. Va. Oct. 15, 2009) ("[T]he Commonwealth of Virginia has an obligation under the Supremacy Clause to protect the federally-guaranteed civil right of UOCAVA voters to vote by absentee ballot in federal elections. To the extent that protecting that right conflicts with Virginia law, Virginia law must give way."); *Bush v. Hillsborough Cnty. Canvassing Bd.*, 123 F.

the Court has concluded a June 26, 2012 non-presidential primary election date will guarantee the State's UOCAVA compliance, the Court may also order necessary changes to New York's election schedule that comport with that date. The Court retains this authority regardless of whether the NYSBOE has authority to suggest new calendar deadlines based on the State's new primary election date.

Additionally, New York must hold a UOCAVA-compliant election in 2012 regardless of its separate redistricting obligations. The United States therefore disagrees with the Walsh-Peterson Submission's contention that the State's failure to redistrict its congressional districts must further delay finalizing the State's election calendar. New York's UOCAVA and redistricting obligations do not implicitly conflict. The State's failure thus far to complete its redistricting process should not interrupt the immediate establishment of an election calendar that ensures a UOCAVA-compliant election. If the State fails to timely redistrict, courts can address that failure, in an appropriate case. To the extent that the redistricting process may in the future suggest a possible need for some modification of the State's election calendar, the State may seek appropriate relief at that time.

The United States thanks the Court for considering its position on these issues.

Respectfully Submitted,

*[signature: Risa Berkower]*

Risa Berkower
Trial Attorney

cc: All Counsel

---

Supp. 2d 1305, 1314 (N.D. Fla. 2000) (noting that any state law that conflicts with UOCAVA is preempted and invalid).