**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

              **Plaintiff,**              1:10-cv-1214
                                                            (GLS/RFT)

            v.

**STATE OF NEW YORK** and **NEW YORK**
**STATE BOARD OF ELECTIONS,**

              **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| HON. RICHARD J. HARTUNIAN<br>United States Attorney<br>445 Broadway<br>218 James T. Foley U.S. Courthouse<br>Albany, NY 12207-2924 | BARBARA D. COTTRELL<br>THOMAS SPINA, JR.<br>Assistant U.S. Attorneys |
| United States Dept. of Justice<br>Civil Rights Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530 | RICHARD A. DELLHEIM, ESQ.<br>RISA A. BERKOWER, ESQ. |
| **FOR THE DEFENDANTS:**<br>*State of New York*<br>HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>Albany Department of Law<br>The Capitol<br>Albany, NY 12224 | JEFFREY M. DVORIN<br>BRUCE J. BOIVIN<br>Assistant Attorney Generals |
| *Board of Elections*<br>New York State Bd. of Elections<br>Office of Special Counsel | KIMBERLY A. GALVIN, ESQ.<br>PAUL M. COLLINS, ESQ. |

40 Steuben Street
Albany, NY 12207-1650

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

New York has once again demonstrated its intransigent refusal to comply with a federal mandate protecting the federal voting rights of those serving in the military overseas and those otherwise living on foreign soil. Responding to the court's prior Memorandum-Decision and Order, *see United States v. New York*, No. 1:10-cv-1214, 2012 WL 254263 (N.D.N.Y. Jan. 27, 2012), the sole-ordered defendant—the New York State Board of Elections (NYSBOE)—acting through lead and co-counsel, have filed two competing submissions in contravention of the court's order.  Indeed, these submissions remind the court of Strother Martin's (Captain, Florida Road Prison 36) admonition to Paul Newman (Prisoner Luke): "What we've got here is a failure to communicate."  Cool Hand Luke (Jalem Productions 1967.)

On behalf of Commissioners James Walsh and Gregory Peterson and Co-Executive Director Todd Valentine, lead counsel has filed the "Walsh-Peterson submission," which erroneously interprets the prior order.

2

(*See* Dkt. No. 60.)  Specifically, the Walsh-Peterson submission asserts that "we have not interpreted [the] order to mean that in promulgating said calendar that you are either requiring or expecting the NYSBOE to make wholesale changes to those statutes in an effort to cure any possible infirmities therein." (*Id.* at 1.)  Furthermore, the submission provides only a partial calendar applying current State law electoral deadlines to the new primary date, but suggests that the NYSBOE lacks authority to recommend any necessary modifications to the resulting calendar.  (*See id.*)

On the other hand, and on behalf of Commissioners Evelyn Aquila and Douglas Kellner and Co-Executive Director Robert Brehm, co-counsel has filed the "Aquila-Kellner submission," which includes a completely modified election calendar based on the court's prior order, which established the primary date as the fourth Tuesday in June.  (*See* Dkt. No. 61 at 10-16.)

The court is aware of the public and political outcry caused by its having selected a June primary date and it is also aware of the adverse economic consequences that may result if New York feels constrained to hold multiple primaries.  However, the court has not ordered multiple primaries and the public deserves to know the history of this litigation.

3

By virtue of the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by Congress in 2009 as part of the Military and Overseas Voter Empowerment (MOVE) Act, Pub. L. No. 111-84, subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009), overseas military personnel and other overseas voters cannot be disenfranchised.  Indisputably, the Supremacy Clause of the United States Constitution requires that "any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield. " *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) (internal quotation marks omitted).  Since the MOVE Act amendment more than two years ago, New York has failed to comply with federal law, and continues to disenfranchise military and overseas voters.

After the 2009 amendment, New York applied for a hardship waiver from the Secretary of Defense, citing many of the road blocks to compliance it continues to argue now.  Following its promise of future compliance, New York was granted the waiver for the November 2, 2010 federal general election, which resulted in the disenfranchisement of federally protected voters.  When subsequent federal-state negotiations failed to remedy New York's violations, the United States Department of

4

Justice filed suit on October 12, 2010. In a Consent Decree executed seven days later—now almost sixteen months ago—New York agreed to take certain steps to ensure that absentee ballots cast in the 2010 election would be counted and that New York's primary date would be changed to guarantee UOCAVA compliance. Yet, New York failed to honor its commitment. And it was this failure—which demonstrated New York's inability to resolve its political differences in order to comply with federal law—that forced the court's hand two weeks ago. While New York may now confront new issues as it seeks a primary solution, the fact remains that it has squandered over two years in its attempts to solve the problem.

Once again, the court is left with no choice since the NYSBOE Commissioners have failed to agree, and only the Aquila-Kellner submission complies with the court's prior order. Therefore, the court adopts the Aquila-Kellner calendar. Furthermore, the court observes that while the NYSBOE filed the calendar, New York State is also a defendant. The court expects full compliance by all defendants, regardless of how they choose to effectuate such compliance.

Lastly, the court paraphrases the admonition from its last decision: This decision by no means precludes New York from reconciling their

5

differences and selecting a different primary date, or a different modified election calendar, all of which is UOCAVA compliant.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the court adopts the Aquila-Kellner calendar (Dkt. No. 61 at 10-16); and it is further

**ORDERED** that the parties shall file a status report on or before March 9, 2012, and every thirty (30) days thereafter, which, among other things, informs the court of New York's progress in complying with the court's orders; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 9, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court