IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STATE OF NEW YORK et al.,

    Defendants.

Case No. 1:10-cv-1214 (GLS/RFT)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO INTERVENE AS PLAINTIFFS**

O. Andrew F. Wilson
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020

Aria C. Branch*
Haley Costello
Maya Sequeira*
Christina A. Ford*
Daniel Cohen*
ELIAS LAW GROUP LLP
10 G St NE, Ste 600
Washington, DC 20002

*Attorneys for Proposed Plaintiff-Intervenors*

*\*Pro Hac Vice Application forthcoming*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 1

LEGAL STANDARD............................................................................................................. 3

ARGUMENT.......................................................................................................................... 5

    I.    Proposed Plaintiff-Intervenors are entitled to intervene as of right............................ 5

        A.    The motion to intervene is timely. ............................................................... 5

        B.    Proposed Plaintiff-Intervenors have a direct interest in this Court enforcing the terms of its 2012 Order. ......................................................... 6

        C.    Proposed Plaintiff-Intervenors' interests may be impaired, if not lost altogether, absent intervention. .................................................................... 8

        D.    Proposed Plaintiff-Intervenors' interests are not adequately protected by the existing parties to this case................................................................ 9

    II.    Alternatively, the Court should grant permissive intervention.................................. 9

CONCLUSION..................................................................................................................... 10

# INTRODUCTION

Proposed Plaintiff-Intervenors Belinda de Gaudemar and Susan Schoenfeld, two New York voters who live overseas and plan to vote in the 2022 primary and general elections, seek to participate in this lawsuit related to Defendant New York State Board of Elections' ("SBOE") request for a supplemental order to move New York's federal primary election from June 28, 2022, to August 23, 2022. *See* ECF No. 92 (SBOE May 5, 2022 Letter-Motion).

Proposed Plaintiff-Intervenors are entitled to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) because they assert an interest—the right to cast a ballot and have it counted—that is the precise subject of the action at issue; disposition of the action may, as a practical matter, impair or impede their right to vote; and their interests are not being represented by the existing parties, the U.S. Department of Justice and the SBOE.

In the alternative, Proposed Plaintiff-Intervenors request permissive intervention under Rule 24(b).

Counsel for the SBOE has represented that the SBOE consents to Proposed Plaintiff-Intervenors' motion. *See* Excerpts of Tr. of Oral Argument, *de Gaudemar v. Kosinski*, 1:22-cv-03534-LAK (May 4, 2022), at 24:7-9, attached as Exhibit 1. Counsel for Proposed Plaintiff Intervenors have attempted to confer with counsel to Plaintiff United States. As of the filing of this motion, counsel for Proposed Plaintiff Intervenors have been unable to determine the United States' position.

# BACKGROUND

As this Court has recognized, "[n]othing is more critical to a vibrant democratic society than citizen participation in government through the act of voting. It is unconscionable to send men and women overseas to preserve our democracy while simultaneously disenfranchising them while they are gone." Memorandum-Decision & Order (Jan. 27. 2012), ECF No. 59, at 2 (the

1

"2012 Order"). Ten years ago, this Court issued a permanent injunction against the SBOE to protect military and overseas voters' right to vote in New York elections, because the state of New York had "failed to find the political will to do so." *Id*. Proposed Plaintiff-Intervenors seek to intervene in this action because that right is once again in peril.

The 2012 Order was the remedy imposed in a lawsuit brought by the Department of Justice against the state of New York for its repeated violations of the Uniformed and Overseas Absentee Voting Act, as amended by the Military and Overseas Voter Empowerment Act (collectively referred to as "UOCAVA" and those covered under its provisions as "UOCAVA voters"). Significantly, the 2012 Order required New York to hold non-presidential federal primary elections going forward on "the fourth Tuesday of June, *unless and until New York enacts legislation resetting the non-presidential federal primary election for a date that complies fully with all UOCAVA requirements and is approved by this court*." 2012 Order at 8 (emphasis added).

As of May 1, 2022, the SBOE has disregarded the clear commands of the 2012 Order by publicly announcing on its website its intention to hold its federal primary election on August 23, 2022, even though the two contingencies in the Order have not been met. *See* New York State Bd. of Elections, https://www.elections.ny.gov/. New York has not enacted legislation resetting the primary to August, and this Court has not approved of any such change.

The same day that New York announced an August primary, several New York voters, including two UOCAVA voters who are Proposed Plaintiff-Intervenors to this suit, filed a motion for a temporary restraining order ("TRO") against the SBOE, asking the Southern District of New York to order the SBOE to certify the primary ballot so that New York could proceed with a June primary, as required by this Court. *See Gaudemar v. Kosinski*, 22 Civ. 3534 (LAK) (S.D.N.Y. May 2, 2022). Although the court denied Plaintiffs' TRO, it also instructed the SBOE to seek this

Court's consent to change the primary date. Ex. 1 at 18. When asked, SBOE acknowledged that it "should have" "gone back to" this Court for permission first, and it consented to Proposed Plaintiff-Intervenors' intervention in this proceeding. *Id.* at 18; *see also id.* at 24 ("THE COURT: And would you consent to the intervention of these plaintiffs before Judge Sharpe on such an application? [SBOE Counsel]: I – we would, yes.").

Proposed Plaintiff-Intervenors are overseas voters who fear that if New York moves its primary election from June 28 to August 23, the State will not be able to send their general election ballots with sufficient time for them to be returned and counted. *See* Decl. of B. de Gaudemar at ¶ 7, attached hereto as Exhibit 2; Aff. of S. Schoenfeld at ¶ 7, attached hereto as Exhibit 3. Their concerns are well-founded. New York has time and again proven that its election administration system "is not up to the task," plagued by extensive "structural flaws," and faces "the same debacles occurring again and again."[1] By delaying the primary election to August 23, 2022, the SBOE is injecting further chaos into a primary election process that was already well-underway, requiring election administrators, voters, and candidates alike, to effectively start over on a grossly condensed schedule. Proposed Plaintiff-Intervenors' ability to vote in the 2022 election is hanging in the balance against this backdrop. They should be permitted to intervene to protect their interests.

## LEGAL STANDARD

A non-party may intervene in ongoing federal litigation in one of two ways under Federal Rule of Civil Procedure 24, either as of right or with the permission of the court.

---

[1] *See* Rep. and Findings of the N.Y. State S. Elections Comm. (Nov. 15, 2021), https://nysenate.gov/sites/default/files/press-release/attachment/elex1115_vfinal.pdf (hereinafter, "2021 S. Rep.").

A non-party seeking to intervene as of right under Rule 24(a) must satisfy four elements: (1) their motion must be timely; (2) they must assert an interest in the litigation; (3) they must show that their interest may be impaired by the disposition of the action; and (4) their interests must be inadequately represented by the existing parties. *See Hoblock v. Albany Cnty. Bd. of Elections*, 233 F.R.D. 95, 97 (N.D.N.Y. 2005); *see also* Fed. R. Civ. P. 24(a)(2). Putative intervenors are not required to establish Article III standing; they need only "meet the Rule 24(a) requirements and have an interest in the litigation." *Hoblock*, 233 F.R.D. at 97.

Permissive intervention is governed by Rule 24(b) and left to the discretion of the court. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," and whether the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B), (3). The court may wish to consider additional factors such as "the nature and extent of the intervenors' interest, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (citations and quotations omitted).

Here, the Proposed Plaintiff-Intervenors meet both standards.

**ARGUMENT**

I.       **Proposed Plaintiff-Intervenors are entitled to intervene as of right.**

   A.       **The motion to intervene is timely.**

When assessing the timeliness of a motion to intervene, a court considers the totality of the circumstances. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001). Considerations include "(1) how long the applicant had notice of the interest before [seeking] to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) and any unusual circumstances mitigating for or against a finding of timeliness." *Id.* "This test 'is a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria.'" *S&S Kings Corp. v. Westchester Fire Ins. Co.*, No. 16-CV-2016(RA), 2017 WL 396741, at *1 (S.D.N.Y. Jan. 27, 2017) (quoting *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 394 (S.D.N.Y. 2002)). These discretionary factors weigh in favor of intervention. Proposed Plaintiff-Intervenors' motion is timely.

On May 1, 2022, the SBOE publicly announced that it was "working to develop a new Political Calendar to reflect th[e] primary date" of August 23, 2022, for Congressional elections as set by the New York Supreme Court in Steuben County, New York. *See* N.Y. State Bd. of Elections, https://www.elections.ny.gov/. The very next day—May 2, 2022—Proposed Plaintiff-Intervenors filed a complaint in the Southern District of New York and sought a TRO requiring the SBOE to proceed with certifying the primary ballot so that it could proceed with a June primary. That court held a hearing two days later, on May 4, in which it denied the requested relief but sought and obtained the SBOE's assurance that it would seek this Court's approval to alter the date of the primary election and would consent to Proposed Plaintiff-Intervenors' intervention. Ex. 1 at 36. Proposed Plaintiff-Intervenors now seek to intervene nearly immediately upon SBOE's

Letter-Motion to this Court (ECF No. 92), and within a week of SBOE's decision to ignore this Court's 2012 Order. Proposed Plaintiff-Intervenors have acted in all haste precisely because time is of the essence to ensure that their rights are protected. Their motion is plainly timely.

The only prejudice from intervention is the prejudice that will be inflicted upon Proposed Plaintiff-Intervenors if they are not permitted to participate in this proceeding. SBOE is not looking out for their interests. The SBOE decided to move the primary election date without first coming to this court in direct contravention of the 2012 Order. The SBOE effectively admitted that it chose to seek this Court's forgiveness instead of its permission. Ex. 1 at 18. By contrast, if Proposed Plaintiff-Intervenors are not permitted to have their voices heard, they may be disenfranchised. The clock is ticking. The Southern District of New York denied Proposed Plaintiff-Intervenors' request for emergency relief at least in part on the premise that they would be able to intervene and be heard by this Court. Without that opportunity, Proposed Plaintiff-Intervenors' ability to participate in the franchise—the very thing the 2012 Order protects—is at risk.

**B.      Proposed Plaintiff-Intervenors have a direct interest in this Court enforcing the terms of its 2012 Order.**

Rule 24(a) requires a putative intervenor to demonstrate that it has a "direct, substantial, and legally protectable" interest in the proceedings. *Bridgeport Guardians v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010). "[A] protectable interest alone, even apart from any actual claim or the ability to file a separate action, may be sufficient to grant intervention under Rule 24(a)." *Hoblock*, 233 F.R.D. at 100. Courts have recognized that "[t]he strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit." *Id.* (quoting *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corp. of Eng'rs*, 101 F.3d 503, 507

6

(7th Cir. 1996)). This is precisely the precarious circumstance in which Proposed Plaintiff-Intervenors find themselves.

There is no private right of action to enforce a violation of UOCAVA. *See generally* 52 U.S.C. §§ 20301 to 20311. As a matter of law, only the Department of Justice can enforce UOCAVA, so Proposed Plaintiff-Intervenors would have lacked standing to bring the 2012 lawsuit. 52 U.S.C. § 20307. Yet, there can be no dispute that the primary interests at stake when UOCAVA is violated are the statutorily protected voting rights of UOCAVA voters. This Court recognized that truth in the Order: "The Court . . . acted as it must to preserve federally protected voting rights." ECF No. 59 at 7. That "interest alone" is "sufficient for a court to grant intervention under Rule 24(a)." *Hoblock*, 233 F.R.D. at 100.²

To the extent there was any doubt regarding the sufficiency of Proposed Plaintiff-Intervenors' interest in this case, it has been settled by the Southern District of New York's recent decision to direct the parties to that action, including Proposed Plaintiff-Intervenors and the SBOE, to resolve the matter before this Court. It did so expressly because, even though Proposed Plaintiff-Intervenors cannot bring a claim alleging a UOCAVA violation directly against Defendants, Proposed Plaintiff-Intervenors' protected rights hinge on whether this Court will hold the SBOE to the terms of its 2012 Order.

---

² Proposed Plaintiff-Intervenors similarly assert an interest under Federal Rule of Civil Procedure 71, which "was intended to assure that [a] process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action." *Lasky v. Quinlan*, 558 F.2d 1133, 1137 (2d Cir. 1977). The Second Circuit has recognized that where it "would not have been possible to name" all affected individuals, "judicial economy virtually requires that appropriate persons be permitted to intervene under Rule 71." *Berger v. Heckler*, 771 F.2d 1556, 1565-66 (2d Cir. 1985) (allowing nonparty to intervene under Rule 71 to enforce government's obedience to prior consent decree involving Supplemental Security Income).

**C. Proposed Plaintiff-Intervenors' interests may be impaired, if not lost altogether, absent intervention.**

Should Proposed Plaintiff-Intervenors be denied intervention, their right to vote in the 2022 New York elections may be impaired, if not lost altogether. Intervention is proper where "disposition of the proceedings without the involvement of the putative intervenor would impair the intervenor's ability to protect its interest." *Wash. Elec. Co-op, Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990). Here, the State Assembly previously represented to this Court in 2011 that an August primary was "unworkable from a practical and logistical standpoint." *See* Ltr. From Speaker of the Assembly to This Court (Jan. 27, 2012) (ECF No. 45-1) at 1. In addition, officers of the bipartisan New York Election Commission Association similarly informed this Court that "[w]hile an August Primary date may work on paper, experience has shown that a late primary will likely produce late primary certifications that would still preclude our ability to get our military and special federal voters their general election absentee ballots in a timely fashion." Decl. of L. Costello and J. Eaton, as Officers of the NYECA (Dec. 5, 2011) (ECF No. 45-2) at ¶ 5. Although the SBOE may be correct that times have changed since 2011, the change has not been for the better—structural problems continue to plague New York's election apparatus. *See generally, e.g.*, 2021 S. Rep (*see link supra* n.1). Absent Proposed Plaintiff-Intervenors' participation in this matter, no party is poised to present to this Court the current limitations and flaws of the New York election system and the SBOE's practical failures to ensure UOCAVA voters receive timely ballots with which to exercise their right to vote—even under the existing timeframe of a primary election held on the fourth Tuesday in June—including in recent elections. *See* Exs. 2-3; 2021 S. Rep. (*see link supra* n.1).

### D. Proposed Plaintiff-Intervenors' interests are not adequately protected by the existing parties to this case.

Generally, "the burden to show inadequacy of representation of interests . . . is a minimal one, and not onerous." *Hoblock*, 233 F.R.D. at 99. When the government seeks the same outcome as the intervenor, there is a presumption that the government is adequately representing the intervenor's interests, but that can be overcome. *See United States v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir. 1999); *see also Orange Env't, Inc. v. Cnty. of Orange*, 817 F. Supp. 1051, 1060 (S.D.N.Y. 1993), *aff'd sub nom. Orange Env't, Inc. v. Orange Cnty. Legis.*, 2 F.3d 1235 (2d. Cir. 1993). To overcome the presumption, the movant to intervene may provide "evidence of . . . nonfeasance . . . ." *St. John's Univ. v. Bolton*, 450 Fed. App'x 81, 84 (2d Cir. 2011) (quoting *Butler*, 250 F.3d at 180). Proposed Plaintiff-Intervenors clearly overcome the assumption of adequate representation here because the Department of Justice has not acted on behalf of the plaintiff United States, and the SBOE stated in their Letter-Motion dated May 5, 2022 that they "are advised that the Department of Justice does not oppose" their application to move New York's federal primary election to August 23, 2022. ECF No. 92. As the Department of Justice will not act timely to protect the rights of UOCAVA voters, this factor favors intervention.

## II. Alternatively, the Court should grant permissive intervention.

If the Court does not grant Proposed Plaintiff-Intervenors' motion to intervene as a matter of right, they respectfully request that the Court exercise its discretion to allow them to intervene permissively under Rule 24(b). "The principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)(2))). Proposed Plaintiff-Intervenors meet the requirements for

9

permissive intervention. Their participation would not prejudice the existing parties and will not cause any undue delay.

Moreover, permissive intervention will further the Court's resolution of the issues and will permit "the Court . . . to profit from a diversity of viewpoints as [Plaintiffs-Intervenors will] illuminate the ultimate questions posed by the parties," *Franconia Minerals (US) LLC v. United States*, 319 F.R.D. 261, 268 (D. Minn. 2017). As discussed in the forthcoming Proposed Plaintiff-Intervenors' Brief in Opposition to Defendants' Request for Supplemental Order, Proposed Plaintiff-Intervenors seek to address the significant likelihood that delaying the primary election until August 23, 2022 will severely burden UOCAVA voters' rights and lead to disenfranchisement because of insufficient time to ensure that UOCAVA voters will receive their general election ballots in time for the ballots to be timely returned and counted.

## CONCLUSION

For the reasons stated above, Proposed Plaintiff-Intervenors respectfully request that the Court grant their motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit them to intervene under Rule 24(b). If granted permission to intervene under either provision, Proposed Plaintiff-Intervenors have attached Brief in Opposition to Defendants' Request for Supplemental Order.

Dated: May 6, 2022                          Respectfully Submitted,

                                            EMERY CELLI BRINCKERHOFF
                                            ABADY WARD & MAAZEL LLP

                                            By: /s/ O. Andrew F. Wilson
                                            O. Andrew F. Wilson
                                            600 Fifth Avenue, 10th Floor
                                            New York, NY 10020
                                            Tel.: (212) 763-5000
                                            awilson@ecbawm.com

ELIAS LAW GROUP LLP

By: /s/ Aria C. Branch
Aria C. Branch*
Haley Costello Essig*
Maya Sequeira*
Christina A. Ford*
Daniel Cohen*
10 G St NE, Ste 600
Washington, DC 20002
Tel.: (202) 968-4490
abranch@elias.law
hessig@elias.law
msequeria@elias.law
cford@elias.law
dcohen@elias.law

*Pro hac vice applications to be submitted.

11