**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

        **v.**

**STATE OF NEW YORK et al.,**

          **Defendants.**
_____

**1:10-cv-1214
(GLS)**

## SUMMARY ORDER

This litigation began in 2010, with plaintiff the United States of America bringing suit against defendants State of New York and The New York State Board of Elections, seeking declaratory and injunctive relief in connection with defendants' violation of the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment (MOVE) Act, Pub. L. No. 111-84, Subtitle H, §§ 575-89, 123 Stat. 2190, 2318-2335 (2009).  (Compl., Dkt. No. 1.)  Ultimately, in 2012, the court was compelled to decide the New York, non-presidential primary date.  (Dkt. No. 59.)  With the parties unable to come to an agreement, the court set the primary date as the fourth Tuesday in June, and held out the possibility of the State

"selecting a different date, so long as the new date fully complies with UOCAVA." (*Id.* at 7.)

In light of the New York State Court of Appeals' recent determination that the State's redistricting maps are void because they were "unconstitutionally enacted and gerrymandered," In re *Harkenrider v. Hochul*, No. 60, 2022 WL 1236822, at *12 (N.Y. Apr. 27, 2022), Supreme Court in Steuben County has appointed a Special Master to prepare resdistricting maps and ordered that the primary be held on August 23, 2022. (Dkt. No. 92, Attach. 1 at 2.) Subsequently, new federal litigation emerged challenging the change in primary dates. *See De Gaudemar v. Kosinski*, 1:22-cv-03534-LAK (S.D.N.Y> filed May 2, 2022). All of these events have revived this litigation.

Pending before the court are: (1) a letter motion by the Board of Elections "requesting that the August 23, 2022 primary date set [by Supreme Court] for Congress be recognized and ordered by this court," (Dkt. No. 92); (2) an application to intervene by proposed intervenors Belinda de Gaudemar and Susan Schoenfeld (hereinafter "de Gaudemar intervenors"), (Dkt. No. 97); (3) a proposed response to the Board of Elections' letter motion by de Gaudemar intervenors, who seek to block

2

any change to the June primary date, (Dkt. No. 98); (4) a motion to intervene by proposed intervenors Tim Harkenrider, Guy C. Brought, Lawrence Canning, Patricia Clarino, George Dooher, Jr., Stephen Evans, Linda Fanton, Jerry Fishman, Jay Frantz, Lawrence Garvey, Alan Nephew, Susan Rowley, Josephine Thomas, and Marianne Volante (hereinafter "Harkenrider intervenors"), (Dkt. No. 101); and (5) a proposed response which is supportive of the Board of Elections' letter motion by Harkenrider intervenors, (Dkt. No. 102).[1]  For the reasons that follow, all of the motions are granted.

**A.     Motions to Intervene**

In connection with the Southern District litigation in *De Gaudermar*, plaintiffs therein sought a temporary restraining order by order to show cause.  (Dkt. No. 92, Attach. 2.)  During a hearing on that application, the Board of Elections agreed to seek the relief now pending before the court regarding the change in primary date and also consented to the intervention of de Gaudemar intervenors.  (*Id.* at 24.)  De Gaudemar intervenors now seek to intervene, pursuant to Rule 24 of the Federal

---

[1] De Gaudemar intervenors have also filed responsive letters and exhibits that go to the merits of the Board of Elections' letter motion.  (Dkt. Nos. 103, 104.)

3

Rules of Civil Procedure,[2] arguing that they may intervene as of right, or, alternatively, that the court may permit them to intervene. (Dkt. No. 97, Attach. 6 at 5-10.) Harkenrider intervenors make similar arguments. (Dkt. No. 101, Attach. 1 at 7-14.)

While the court has some doubt about whether intervention of right is available under Rule 24(a)(2), particularly with respect to whether proposed intervenors' "'interest is not protected adequately by the parties to the action,'" *Kaliski v. Bacot* (In re *Bank of N.Y. Derivative Litig.*), 320 F.3d 291, 300 (2d Cir. 2003) (quoting *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992)), permissive intervention is nonetheless appropriate.

Pursuant to Rule 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is tempered by the notion that "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Here, it appears that

---

[2] De Gaudemar intervenors also claim that intervention is appropriate under Rule 71. (Dkt. No. 97, Attach. 6 at 7 n.2 .) For reasons explained below, the court need not reach this alternative argument.

4

the preconditions for permissive intervention are satisfied as to both groups of proposed intervenors. Likewise, no prejudice or delay will result in granting the motion in light of each group's timely filing of a proposed response to the Board of Elections' letter motion. (Dkt. Nos. 98, 102.) Accordingly, both motions to intervene are granted and the court has considered the intervenors additional filings.

## B.    Board of Elections' Letter Motion

In recognition of the recent election-related turmoil in New York, the Board of Elections seeks this court's one-time approval of an August 23, 2022 primary. (Dkt. No. 92.) The Board of Elections remains "acutely aware of the UOCAVA deadlines," and the United States "does not oppose th[e] application." (*Id.*) In response, de Gaudemar intervenors contend that an August primary "does not leave sufficient time to ensure that they will receive their general election ballots in time for those ballots to be timely returned and counted." (Dkt. No. 98 at 1.) More specifically, de Gaudemar intervenors assert, among other things, that the Board of Elections has not met its burden of showing that the court's prior injunction should be modified, that the State is "unable to comply with UOCAVA requirements in the event of a delayed primary," and that "[i]t is virtually

5

impossible for New York to hold a federal primary on August 23 and comply with UOCAVA." (*Id.* at 3-7.)

"It is, of course, well established that a district court has the power, in the exercise of its discretion, to modify its past injunctive decrees in order to accommodate changed circumstances." *Davis v. N.Y.C. Hous. Auth.*, 278 F.3d 64, 88 (2d Cir. 2002) (citations omitted). The court is not persuaded by de Gaudemar intervenors' speculative assertions that they will be disenfranchised by the delayed primary for many of the reasons argued in Harkenrider intervenors' response, (Dkt. No. 102). In light of all the circumstances of this case (and the others referenced above), it is clear that a modification of the court's prior injunction order is sensible and necessary to avoid a chaotic situation for all New York voters — overseas or not. The later primary will accommodate the preparation of new Congressional maps and still provide ample time for compliance with UOCAVA.

Accordingly, it is hereby

**ORDERED** that de Gaudemar intervenors' motion to intervene (Dkt. No. 97) is **GRANTED**; and it is further

**ORDERED** that Harkenrider intervenors' motion to intervene (Dkt.

6

No. 101) is **GRANTED**; and it is further

**ORDERED** that the Board of Elections' letter motion (Dkt. No. 92) is **GRANTED**; and it is further

**ORDERED** that New York's federal primary for Members of the United States House of Representatives in 2022 shall be held on August 23, 2022 to accommodate New York's congressional redistricting process, and that such primary shall be conducted in a manner in which ballots for UOCAVA voters shall be duly transmitted for such primary and the subsequent general election in conformance with federal law; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

May 10, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge